**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4094**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM DEVON EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-cr-00140-BR-1)

Argued:  December 13, 2018                          Decided:  January 23, 2019

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion.  Judge Quattlebaum wrote the opinion, in which Judge Wilkinson and Judge Harris joined.

**ARGUED:**    Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

*Unpublished opinions are not binding precedent in this circuit.*

QUATTLEBAUM, Circuit Judge:

William Devon Evans pled guilty, without a plea agreement, to theft of firearms from a federal firearm licensee, in violation of 18 U.S.C. §§ 922(u) and 924(a)(2); possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 41 months' imprisonment and three years' supervised release on each of the three counts to be served concurrently. On appeal, Evans maintains that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for trafficking firearms and a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense. For the reasons set forth below, we affirm the district court.

I.

A.

Evans' conviction arose from events in connection with the theft of firearms from Evans' employer, Arrow Pawn. On or around October 20, 2016, Arrow Pawn, a pawn shop and federal firearms licensee in Raleigh, North Carolina, conducted an audit and discovered that six firearms were missing from the store. Law enforcement spoke with Evans regarding the incident as part of the investigation that ensued.[1]

---

[1] At the time of Evans' employment he was a convicted felon. He had also been classified by the North Carolina Department of Public Safety as a member of the United Blood Nation street gang.

3

During the investigation, Evans initially told law enforcement that he hid the firearms at several different locations in Raleigh. He thereafter changed his story and stated that he gave the firearms to an acquaintance named Charron Butts. During the investigation, law enforcement reviewed the contents of Butts' cell phone and found photographs and videos of Butts and Evans possessing and displaying some of the firearms, holding money and making Blood gang member signs. Law enforcement interviewed Butts who eventually admitted that Evans brought the firearms to his house.

Police recovered three of the six stolen firearms. A Taurus Millennium was recovered next to a fence in the backyard of a residence during the execution of a search for illegal drug sales at that residence. A Taurus PT 840 was recovered in the possession of an individual at an apartment complex where officers were investigating a drug violation. Finally, a Smith & Wesson .40 caliber was recovered from a coat closet during the police's investigation related to the theft of a car and search of a nearby home.

After Evans' plea, the probation office prepared a Presentence Report ("PSR") which assigned Evans a base offense level of 14 because he was previously convicted of a felony and was prohibited from possessing the firearm at the time of the offense.[2] Because the offense involved six stolen firearms, the base level was enhanced by two. The PSR also recommended a four-level enhancement based on Evans' involvement in trafficking stolen firearms to Butts. The PSR recommended another four-level increase based on Evans being in possession of a firearm in connection with another felony

---

[2] The 2016 Guidelines Manual was used to calculate the offense level.

offense. Evans objected to the four-level enhancement for trafficking firearms in the PSR, contending that his conduct did not fit within the definition of trafficking of firearms as explained in the application notes to U.S.S.G. § 2K2.1.[3] Evans also objected to the four-level enhancement for possession of firearms in connection with another felony offense.

At the sentencing hearing, the government called Agent Larry Baer—a detective with the City of Raleigh Police Department familiar with the case—to testify. Agent Baer was assigned as a task force officer with the Federal Bureau of Alcohol, Tobacco and Firearms. Agent Baer testified about the investigation, arrest and interview of Evans as described above. He also testified about information recovered from Butts' cell phone, including photographs of Evans and Butts posing and making gang signs. He testified to Evans' change of his story about the guns. Agent Baer testified that he did not have evidence that Evans knew any of the individuals involved in the three incidents where the stolen firearms were located. Agent Baer testified that there were no text messages recovered between Evans and Butts indicating what Butts was to do with the firearms. He testified that, based on his training and experience, as well as the circumstances in this case, he believed the other three firearms had been distributed to unknown and unidentified persons.

---

[3] Evans, however, did not object to the PSR's characterization of Butts as Evans' friend and fellow gang member.

5

The district court overruled Evans' first objection to the PSR and found that it was reasonable to conclude that Evans had reason to believe that weapons would be used or disposed of unlawfully and that Evans intended as such. The court overruled the second objection as well, indicating that stealing several guns and putting them in the hands of "fellow gang members" had the potential for facilitating another felony. (J.A. 65.)

The district court then adopted the factual findings and guideline approach set forth in the PSR. The district court determined that the total offense level was 21 and criminal history was III, for a guideline imprisonment range of 46 to 57 months on each count to run concurrently. The court granted a downward departure to criminal history category I, which represented a guideline imprisonment range of 37 to 46 months, finding that the original guideline calculation overstated Evans' criminal history. The court sentenced Evans to 41 months' imprisonment on each count, to run concurrently; supervised release for a term of three years on each count, all such terms to run concurrently; restitution; as well as other mandatory, standard, and special conditions. Evans timely appealed.

B.

This Court reviews sentences for reasonableness under an abuse-of-discretion standard regardless of whether the sentence imposed is inside or outside of the Sentencing Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits "significant procedural error" if it fails to properly calculate (or improperly calculates) the Sentencing Guidelines range, fails to consider the 18 U.S.C. § 3553(a) factors, treats the Sentencing Guidelines as mandatory, selects a

6

sentence based on clearly erroneous facts or fails to adequately explain the chosen sentence. *Id.* If the district court's sentencing decision is procedurally sound, then the appellate court should consider the substantive reasonableness of the sentence under an abuse-of-discretion standard. *Id.*

When reviewing a district court's application of the Sentencing Guidelines, factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014). "Where a [Sentencing] Guidelines application involves a mixed question of law and fact, the applicable standard turns on the nature of the circumstances at issue. If the application is 'essentially factual,' we apply the clearly erroneous standard." *Id.* (quoting *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989)). "A clear error occurs where we are left with a firm and definite conviction that a mistake has been committed." *Id.* at 258.

II.

There are two sentencing enhancements at issue in this case. The first is the "Firearm-Trafficking" enhancement. Outlining this enhancement, U.S.S.G. § 2K2.1(b)(5) instructs as follows: "[i]f the defendant engaged in the trafficking of firearms, increase by 4 levels." U.S.S.G. § 2K2.1(b)(5). The second enhancement is the "Another Felony Offense" enhancement. For purposes of this enhancement, under U.S.S.G. § 2K2.1(b)(6)(B), "[i]f the defendant. . . .used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or

possessed in connection with another felony offense, increase by 4 levels."
U.S.S.G. § 2K2.1(b)(6)(B). We address Evans' challenges to these enhancements in turn.

A.

To apply an enhancement under U.S.S.G. § 2K2.1(b)(5), the government must prove by a preponderance of the evidence that the defendant engaged in firearms trafficking. *See United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013) (setting forth the burden of proof as to sentencing enhancements).

The Supreme Court has instructed that "district courts must still give 'respectful consideration' to the now-advisory Guidelines (and their accompanying policy statements)." *Pepper v. United States*, 562 U.S. 476, 501 (2011) (internal citations omitted). The commentary to U.S.S.G. § 2K2.1 specifies that the Firearm-Trafficking enhancement applies if two requirements are satisfied. First, the defendant must have "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual . . . ." U.S.S.G. § 2K2.1 cmt. n.13(A)(i); *see also United States v. Pineda*, 770 F.3d 313, 321 (4th Cir. 2014) (noting that the commentary to U.S.S.G. § 2K2.1 specifies that the Firearm-Trafficking enhancement applies as long as two requirements are satisfied). Second, the defendant must transport, transfer, or dispose of the firearms with knowledge or reason to believe that the person receiving the firearms either (1) has a prior conviction for a crime of violence, a controlled substance offense, a misdemeanor crime of domestic violence, or is under a criminal justice sentence, as a person "whose possession or receipt of the firearm

8

would be unlawful," or (2) who intended to use or dispose of the firearms unlawfully. U.S.S.G. § 2K2.1 cmt. n.13(A)(ii), n.13(B).

There is no dispute that Evans met the first requirement relative to the Firearm-Trafficking enhancement. Regarding the second requirement, there is no dispute that Butts lacked the qualifying criminal history to render him a person who could not lawfully possess firearms. Therefore, the issue for appeal concerning the Firearm-Trafficking enhancement is whether the district court erred in finding Evans had reason to know that Butts intended to use or dispose of the firearms unlawfully. Evans argues that the government offered insufficient evidence to support the enhancement in this regard. He further maintains that without sufficient evidence by the government, the district court miscalculated Evans' guideline range and improperly applied a four-level increase to Evans' offense level. Accordingly, Evans argues that the sentence is procedurally unreasonable and must be vacated and remanded to the district court for resentencing.

We conclude that the district court did not err in finding that Evans possessed the requisite knowledge to support the enhancement, and thus, we find the sentence to be reasonable. Although the sentencing court's application of the enhancement presents a close question, our review is for clear error as to the factual findings made by the district court. *See Adepoju*, 756 F.3d at 256. And the "trial court's fact-finding in support of the enhancement is entitled to appropriate deference. . . ." *United States v. Manigan*, 592 F.3d 621, 630–31 (4th Cir. 2010).

As noted above, "[a] clear error occurs where we are left with a firm and definite conviction that a mistake has been committed." *Adepoju*, 756 F.3d at 258. "A court commits clear error when it makes findings without properly taking into account substantial evidence to the contrary." *United States v. Francis*, 686 F.3d 265, 273 (4th Cir. 2012) (citation and quotation marks omitted). In reviewing for clear error, "we, like any reviewing court, will not reverse a lower court's finding of fact simply because we 'would have decided the case differently.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

With these standards in mind, viewing the totality of the circumstances—the large number of firearms stolen, the location of the recovered firearms, the relationship between Evans and Butts, Evans' initial false statement about disposing of the firearms, Evans' admitted membership in a gang, the unopposed reference in the PSR to Butts as a gang member, and the images of Evans and others with several of the stolen weapons and displaying gang signs—supports the district court's conclusion that Evans knew or had reason to believe that his conduct would result in the firearms going to someone who intended to use or dispose of the firearm unlawfully. For this reason, under the deferential clear error standard, we affirm the district court's application of the trafficking enhancement.

B.

We now turn to the second enhancement issue on appeal. Section 2K2.1(b)(6)(B) sets forth a four-level enhancement if the defendant: (1) "used or possessed any firearm or ammunition in connection with another felony offense;" or (2) "possessed or

transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B).

This is a two-part provision, either of which, if proved by the government by a preponderance of the evidence, would be enough to support the enhancement. The application notes of the commentary indicate that U.S.S.G. § 2K2.1(b)(6)(B) applies if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively. U.S.S.G. § 2K2.1 cmt. n.14(A). The commentary defines "[a]nother felony offense," as any "federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

Evans argues that the district court erred in applying the U.S.S.G. § 2K2.1(b)(6)(B) Another Felony Offense enhancement. He argues there was insufficient evidence to show that Butts intended to use the firearms to commit felonies or that Evans had knowledge or reason to believe that Butts intended to commit felonies.[4]

Here again, Evans argues on appeal that the evidence presented to the district court by the government was insufficient to support the application of the enhancement. But

---

[4] Evans also argues the mere fact that a firearm was available to the defendant during the commission of another crime is not enough to justify an enhancement. Because we find the district court did not err concerning the "reason to believe" clause of U.S.S.G. § 2K2.1(b)(6)(B), we need not address this challenge.

this is not a case completely lacking in evidence to support the enhancement. Here, the evidence presented by the government and outlined above, although not overly robust, convinced the fact finder that the proposition at issue was more likely to be correct than not. *See United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (reviewing the district court's application of the preponderance of the evidence standard).

As stated above, we review the district court's factual findings for clear error, giving great deference to the district court's superior position in terms of assessing the credibility of the witnesses and making factual findings based on the entire record and the evidence presented. In acknowledging our "proper role when passing on the conduct of other decision-makers," we conclude that the district court did not clearly err in applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 320–21 (4th Cir. 2008) (noting that the clear error standard protects district courts' primacy as triers of fact).

III.

We conclude that the district court did not clearly err by inferring from the totality of the circumstances that Evans transferred the subject firearms with knowledge or reason to believe that Butts intended to use or dispose of the firearms unlawfully and applying the U.S.S.G. § 2K2.1(b)(5) Firearm-Trafficking enhancement. Further, we conclude that the district court did not clearly err by inferring that the transferred firearms had the potential to facilitate another felony offense and applying the U.S.S.G. § 2K2.1(b)(6)(B) Another Felony Offense enhancement. The judgment of the district court is

*AFFIRMED.*

12